Michael J. Niborski [State Bar No. 192111]
e-mail: mniborski@pryorcashman.com
PRYOR CASHMAN LLP
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608
Fax: (310) 556-9670

*Attorneys for Defendant Courtney Love Cobain*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| AMERICAN EXPRESS CENTURION BANK, a Utah Corporation,<br><br>Plaintiff,<br>      -against-<br><br>COURTNEY LOVE COBAIN a/k/a COURTNEY LOVE a/k/a COURTNEY COBAIN, an individual,<br><br>Defendant. | Case No. CV 09-3775 (GW) (FFMx)<br><br>**ANSWER**<br><br>Action Filed: July 15, 2009 |

    Defendant Courtney Love Cobain ("Love" or "Defendant") by and through her attorneys Pryor Cashman LLP, as and for her Answer to the Complaint ("Complaint") of Plaintiff American Express Centurion Bank ("AmEx" or "Plaintiff") alleges as follows:

    1.    Denies the allegation in paragraph 1 of the Complaint that Defendant is an individual who resides in Los Angeles and denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 1 of the Complaint that Plaintiff is a Utah corporation with a principal place of business in Salt Lake City. The remaining allegations in paragraph 1 of the Complaint are legal conclusions for which neither an admission nor denial is required.

    2.    The allegations in paragraph 2 of the Complaint are legal conclusions for which neither an admission nor denial is required.

3. The allegations in paragraph 3 of the Complaint are legal conclusions for which neither an admission nor denial is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Denies each and every allegation in paragraph 5 of the Complaint.

6. Denies each and every allegation in paragraph 6 of the Complaint.

7. Denies each and every allegation in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint are legal conclusions for which neither an admission nor denial is required. To the extent an answer is required, denies the allegations in paragraph 8 of the Complaint.

9. Denies each and every allegation in paragraph 9 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

10. Denies each and every allegation in paragraph 10 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

11. Denies each and every allegation in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint are legal conclusions for which neither an admission nor denial is required. To the extent an answer is required, denies the allegations in paragraph 12 of the Complaint.

13. Denies each and every allegation in paragraph 13 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

14. Denies each and every allegation in paragraph 14 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

15. Denies each and every allegation in paragraph 15 of the Complaint.

16. The allegations in paragraph 16 of the Complaint are legal conclusions for which neither an admission nor denial is required. To the extent an answer is required, denies the allegations in paragraph 16 of the Complaint.

17. Denies each and every allegation in paragraph 17 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

18. Denies each and every allegation in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies each and every allegation in paragraph 20 of the Complaint.

21. Denies each and every allegation in paragraph 21 of the Complaint.

22. Denies each and every allegation in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies each and every allegation in paragraph 24 of the Complaint.

25. Denies each and every allegation in paragraph 25 of the Complaint.

26. Denies each and every allegation in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies each and every allegation in paragraph 28 of the Complaint.

29. Denies each and every allegation in paragraph 29 of the Complaint.

<u>IN ANSWER TO THE FIRST CAUSE OF ACTION</u>

30. Realleges each and every responsive allegation contained in paragraphs 1 through 29 above as if set forth more fully herein.

31. Denies each and every allegation in paragraph 31 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

32. Denies each and every allegation in paragraph 32 of the Complaint.

33. Denies each and every allegation in paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint that AmEx referred claims to outside attorneys, and denies each and every remaining allegation in paragraph 34 of the Complaint.

35. Denies each and every allegation in paragraph 35 of the Complaint.

<u>IN ANSWER TO THE SECOND CAUSE OF ACTION</u>

36. Realleges each and every responsive allegation contained in paragraphs 1 through 35 above as if set forth more fully herein.

37. Denies each and every allegation in paragraph 37 of the Complaint.

38. Denies each and every allegation in paragraph 38 of the Complaint.

39. Denies each and every allegation in paragraph 39 of the Complaint.

### IN ANSWER TO THE THIRD CAUSE OF ACTION

40. Realleges each and every responsive allegation contained in paragraphs 1 through 39 above as if set forth more fully herein.

41. Denies each and every allegation in paragraph 41 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

42. Denies each and every allegation in paragraph 42 of the Complaint.

43. Denies each and every allegation in paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint that AmEx referred claims to outside attorneys, and denies each and every remaining allegation in paragraph 44 of the Complaint.

45. Denies each and every allegation in paragraph 45 of the Complaint.

### IN ANSWER TO THE FOURTH CAUSE OF ACTION

46. Realleges each and every responsive allegation contained in paragraphs 1 through 45 above as if set forth more fully herein.

47. Denies each and every allegation in paragraph 47 of the Complaint.

48. Denies each and every allegation in paragraph 48 of the Complaint.

49. Denies each and every allegation in paragraph 49 of the Complaint.

### IN ANSWER TO THE FIFTH CAUSE OF ACTION

50. Realleges each and every responsive allegation contained in paragraphs 1 through 49 above as if set forth more fully herein.

51. Denies each and every allegation in paragraph 51 of the Complaint and respectfully refers the Court to the agreement referred to therein for its contents.

52. Denies each and every allegation in paragraph 52 of the Complaint.

53. Denies each and every allegation in paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint that AmEx referred claims to outside attorneys, and denies each and every remaining allegation in paragraph 54 of the Complaint.

55. Denies each and every allegation in paragraph 55 of the Complaint.

### IN ANSWER TO THE SIXTH CAUSE OF ACTION

56. Realleges each and every responsive allegation contained in paragraphs 1 through 55 above as if set forth more fully herein.

57. Denies each and every allegation in paragraph 57 of the Complaint.

58. Denies each and every allegation in paragraph 58 of the Complaint.

59. Denies each and every allegation in paragraph 59 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

60. The Complaint should be dismissed because it fails to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

61. The Complaint should be dismissed for lack of personal jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

62: The Complaint should be dismissed for improper venue and/or on grounds of forum non conveniens, and Defendant respectfully requests transfer of the action to the United States District Court for the Southern District of New York, which is the judicial district in which Love resides.

### FOURTH AFFIRMATIVE DEFENSE

63. The Complaint should be dismissed for lack of subject matter jurisdiction due to the parties' agreement to arbitrate the kinds of claims as raised herein.

FIFTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims may be barred, in whole or in part, by applicable statutory and/or contractual periods of limitations.

SIXTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, acquiescence and/or estoppel.

SEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred by the doctrine of unclean hands.

EIGHTH AFFIRMATIVE DEFENSE

67. Any debts or accounts properly ascribable to Defendant have been paid in full.

NINTH AFFIRMATIVE DEFENSE

68. Defendant reserves the right to assert any other such affirmative defenses in the event that further investigation and discovery indicates that they are proper.

WHEREFORE, Defendants prays for judgment dismissing the Complaint in its entirety, awarding Defendant her costs and attorneys' fees, and for such other and further relief as the Court deems just and proper.

PRYOR CASHMAN LLP

Dated: November 23, 2009   By: /s/ Michael J. Niborski /WLC

Michael J. Niborski
1801 Century Park East, 24th Floor
Los Angeles, CA 90067-2302
Tel: 310/556-9608  Fax: 310/556-9670
mniborski@pryorcashman.com

*Attorneys for Defendant*
*Courtney Love Cobain*